```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

ISAAC JESUOROBO, a/k/a            §
Jesuorobo Isaac Rusher, a/k/a     §
Isaac Rusher Jesuorobo            §
(# A 75275832),                   §
                                  §
VS.                               §  CIVIL ACTION NO. 4:05-CV-329-Y
                                  §
STATE OF TEXAS, et al.            §

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This is a petition for writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651.

B. PARTIES

Petitioner Isaac Jesuorobo currently is detained in the Corrections Corporation of America's Houston Processing Center as a result of a removal proceeding under authority of the Department of Homeland Security. (June 10, 2005, Questionnaire Response.) He named the State of Texas as the Respondent. No process has been issued to Respondent.

C. PROCEDURAL HISTORY

Isaac Jesuorobo challenges the October 16, 2002 judgment of conviction for indecency with a child by contact, case number 0850019D, in the 213th District Court of Tarrant County, Texas. (Pet. at 1-2; Response to Questionnaire-attachment.) Jesuorobo's conviction was affirmed on direct appeal by the Court of Appeals of Texas, Second District, on March 4, 2004. (Pet., Attachment at ¶ 9.) Jesuorobo filed two state applications for writ of habeas corpus: the first, filed in state district court on December 16, 2002, was dismissed by the Texas Court of Criminal Appeals (TXCCA) due to the pendency of a direct appeal, on February 13, 2003; the second, filed in the trial court on July 6, 2004, was dismissed by the TXCCA on the basis that the sentence had been discharged, on April 27, 2005.[1]

D. LEGAL ANALYSIS

By this action, Jesuorobo claims that he is entitled to a writ of error coram nobis under the All Writs Act (codified at 28 U.S.C. § 1651). He seeks to challenge the state court conviction in this proceeding on several grounds: the conviction was obtained by a

---

[1] The Court takes judicial notice of the relevant dates of record of the state writ application proceedings in the office of the Tarrant County District Clerk provided in its response to this Court's inquiry as shown in Exhibits 1 and 2. *See generally* FED. R. EVID. 201; *see also Zimmerman v. Spears,* 565 F.2d 310, 312 (5th Cir. 1977) (judicial notice taken of earlier habeas proceedings in different court). The Court has also confirmed and takes judicial notice of the disposition of Jesuorobo's writ applications in the TXCCA through a search on its website www.cca.courts.state.tx.us/opinions for writ application numbers WR-54,750-01 and 02.

2

violation of the privilege against self incrimination; the prosecutor failed to provide exculpatory evidence to the defense; defense counsel failed to impeach the complainant; defense counsel failed to file a motion to suppress; and appellate counsel failed to file a motion for new trial. (Pet., Attachment at ¶¶ 20(A-D).)

The Supreme Court, in *United States v. Morgan,*[2] revived the ancient writ of error coram nobis by holding that the writ was available under 28 U.S.C. § 1651.[3] The Court of Appeals for the Fifth Circuit has since explained:

> The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief.[4]

A coram nobis petition, however, must be directed to the court that rendered the judgment.[5] "It is well settled that the writ of error coram nobis is not available in federal court to attack state

---

[2] 346 U.S. 502 (1954).

[3] *United States v. Dyer,* 136 F.3d 417, 422 (1998), *citing Morgan*, 346 U.S. at 505-507.

[4] *United States v. Esogbue,* 357 F.3d 532 (2004) quoting *Jimenez v. Trominski,* 91 F.3d 767, 768 (5th Cir. 1996)(other citation omitted).

[5] *See Morgan*, 346 U.S. at 506 n.4 (noting that a request for coram nobis relief "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding"); *see also Sinclair v. State of Louisiana,* 679 F.2d 513, 514 (5th Cir. 1982)("A writ of error *coram nobis* can only issue to aid the jurisdiction of the court in which the conviction was had.")

3

criminal judgments."[6] Under this controlling authority, this Court lacks jurisdiction to consider Jesuorobo's petition for writ of error coram nobis challenging a state court conviction.[7]

## RECOMMENDATION

It is therefore RECOMMENDED that Isaac Jesuorobo's May 20, 2005 petition for writ of error coram nobis under 28 U.S.C. § 1651 be dismissed for lack of subject mater jurisdiction. It is further RECOMMENDED that as the Court lacks jurisdiction, the motion for stay of deportation [docket no. 5] should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States

---

[6] *Sinclair,* 679 F.2d at 514,

[7] Furthermore, although the all writs act, 28 U.S.C. § 1651, provides that a court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction," a federal district court lacks the general power to issue writs of mandamus to command state courts and their officers in the performance of their duties. *See Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973). Therefore, § 1651 does not afford this Court authority to order the state court to enter judgment. *See Gibbons v. State of Texas,* No.3:04-CV-1156-L, 2004 WL 1629763, at *2 (N.D.Tex. July 19, 2004), *report and recommendation adopted,* 2004 WL 1774554 (N.D.Tex. Aug. 6, 2004).

4

Magistrate Judge's proposed findings, conclusions and recommendation until July 18, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

### ORDER

Under 28 U.S.C. § 636, it is ORDERED that Petitioner is granted until July 18, 2005 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

5

SIGNED June 27, 2005.

                                           <u>/S/ Charles Bleil</u>
                                           CHARLES BLEIL
                                           UNITED STATES MAGISTRATE JUDGE